UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO AYALA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNCREON TECHNOLOGY (USA), LLC<br><br>Defendant. | :<br>:<br>:  CASE NO.:  2:23-CV-4561<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
<u>APPROVAL OF THE OF CLASS ACTION SETTLEMENT</u>**

Plaintiff Ricardo Ayala ("Plaintiff") files this motion seeking final approval of the settlement of this class action lawsuit, which alleges that Defendant syncreon Technology (USA), LLC ("Defendant") violated the Pennsylvania Minimum Wage Act ("PMWA") by failing to pay him and other warehouse employees and temporary staffing workers overtime wages for pre-shift and post-shift activities within Defendant's Pennsylvania warehouses located in Carlisle, Middletown, and York Tech warehouses (hereafter, the "warehouses"). *See generally* ECF No. 1. Defendant denies liability, yet – like Plaintiff – it has settled to avoid the risk, delay, and expense of continued litigation. As is widely known, class action settlements are favored because they conserve "substantial judicial resources" and enable parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *In re GMC Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 784 (3d Cir. 1995).

With the assistance of Magistrate Judge Sitarski, the lawsuit has been settled on behalf of a class comprised of Plaintiff and 2,291 other individuals who worked as a non-exempt, hourly associate or non-exempt salaried associate at one of the warehouses and were credited with

working over 40 hours at the warehouses during the following periods: (i) Carlisle, PA: October 3, 2020 to September 6, 2023; (ii) Middletown, PA: October 3, 2020 to January 24, 2024; and (iii) York Tech, PA: October 3, 2020 to February 1, 2024.

Under the Class Action Settlement Agreement ("Agreement"), Defendant is required to pay $320,500 plus any associated employer-side taxes and costs of settlement administration up to $17,000. Class members are not required to complete a "claim form" or any other document in order to receive a settlement payment. *See id.* at ¶ 10. Only seven (7) class members seek exclusion from the settlement. *See* Declaration of Caroline Barazesh ("Barazesh Decl.") (ECF No. 36-3) at ¶ 21. So, if the Court approves this settlement, the Administrator will mail settlement checks to 2,710 class members. *See* Agreement (ECF No. 36-1) at ¶ 10.

The settlement represents an excellent outcome for the class members. Thus, it is not surprising that no class members object to the settlement. *See* Barazesh Decl. (ECF No. 36-3) at ¶ 22.

As detailed in the accompanying brief, the Court should grant this motion and enter an order:

1. Certifying a settlement class comprised of all persons, including Plaintiff, who worked as a non-exempt, hourly associate or non-exempt salaried associate at Defendant's Carlisle, Middletown, or York Tech warehouses and worked at least one Eligible Week (*i.e.*, each week a class member was credited with working forty (40) or more hours (exclusive of vacation, sick or other leave time) according to Defendant's payroll data) during the following time periods: (i) Carlisle, PA: October 3, 2020 to September 6, 2023; (ii) Middletown, PA: October 3, 2020 to January 24, 2024; and (iii) York Tech, PA: October 3, 2020 to February 1, 2024. Class certification of this settlement class is proper because Plaintiff satisfies Civil Rule

23(a)'s four requirements – numerosity, commonality, typicality, and adequacy – and Rule 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action [must be] superior to other available methods for the fair and efficient adjudication of the controversy."

2. Approving the settlement as "fair, reasonable, and adequate" based upon the Court's consideration of the factors described in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

3. Approving the payment of $106,833 from the total settlement fund to class counsel for all attorney's fees and costs associated with this action. Here, after deducting $778 in costs, the $106,833 payment to class counsel results in an attorney's fee of $106,055. Such a fee constitutes 33.1% of the $320,500 settlement fund and is reasonable under the circumstances of this litigation when viewed against, *inter alia*, the seven factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). Moreover, the requested fee results in a modest lodestar "multiplier" of 1.43.

4. Approving the $7,000 service award payment to Plaintiff. Such a service award is comparable to awards approved in other wage and hour settlements.

**WHEREFORE**, Plaintiff requests that the Court grant this motion and enter the accompanying proposed order.

Date: November 4, 2024                             Respectfully,

                                                         /s/ *Deirdre Aaron*
Pete Winebrake (Pa Bar No. 80496)
Deirdre Aaron (Pa. Bar No. 323389)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Sarah R. Schalman-Bergen (Pa. Bar No. 206211)
Krysten Connon (Pa. Bar No. 314190)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973

*Class Counsel*