IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO AYALA, on behalf of himself and others similarly situated,** *Plaintiff*, | : : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **SYNCREON TECHNOLOGY (USA), LLC,** *Defendant*. | : : : | **NO. 23-cv-04561** |

**ORDER**

**AND NOW**, this **13th** day of **November 2024**, following a hearing on Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 36) held on this day, and upon consideration of the Class Action Settlement (ECF No. 36-1) and the Supplemental Declaration of Deirdre Aaron (ECF No. 36-2), and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1. The Court, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), **CERTIFIES** a settlement class comprised of all persons, including Plaintiff, who worked as a non-exempt, hourly associate or non-exempt salaried associate at Defendant's Carlisle, Middletown, or York Tech warehouses and worked at least one Eligible Week (i.e., each week a class member was credited with working forty (40) or more hours (exclusive of vacation, sick or other leave time) according to Defendant's payroll data) during the following time periods: (i) Carlisle, PA: October 3, 2020 to September 6, 2023; (ii) Middletown, PA: October 3, 2020 to January 24, 2024; and (iii) York Tech, PA: October 3, 2020 to February 1, 2024.

2. The Court **APPROVES** the settlement – which resolves Plaintiff's class-wide claims alleging that time associated with undergoing security screenings and walking short distances to time clocks is compensable under the Pennsylvania Minimum Wage Act – as

fair, reasonable, and adequate based upon the Court's consideration of the criteria described in the 2018 amendments to Fed. R. Civ. P. 23, *see* Fed. R. Civ. P. 23(e)(2), and the largely overlapping factors described in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

3. The Court **APPROVES** the payment of $106,833 from the total settlement fund to class counsel for all attorney's fees and costs associated with this action. Here, after deducting $778 in costs, the $106,833 payment to class counsel results in an attorney's fee of $106,055. Such a fee constitutes 33.1% of the $320,500 settlement fund and is reasonable under the circumstances of this litigation when viewed against, inter alia, the seven factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). Furthermore, the reasonableness of this fee is further confirmed by class counsel's current fee lodestar of $74,000 based on the hourly rates in the Philadelphia Community Legal Services fee schedule. This results in a lodestar multiplier of only 1.43, which falls within the range of multipliers approved by this Court in other class action settlements.

4. The Court **APPROVES** as reasonable the $7,000 service award payment to Plaintiff Ricardo Ayala.

**BY THE COURT:**

/s/ **Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**